STATE v. WILLIE LEE HOPKINS.

(Filed 23 March, 1966.)

APPEAL by defendant from *Campbell, J.,* October 4, 1965 Criminal Session, MECKLENBURG Superior Court.

In this criminal prosecution the defendant was tried for the felony of armed robbery and the forcible taking of $900.00 from the cash drawer of Morris E. Trotter & Son Realty Company, a sole proprietorship owned by James E. Trotter. The robbery was effected by the use of a pistol and by threatening and endangering the life of Joseph W. Terrell, the employee in charge.

The defendant, through counsel, moved to quash the indictment. He excepted to the court's order overruling the motion and entered a plea of not guilty.

The State offered evidence that the defendant and three others entered the Realty Company's place of business described in the indictment. One of the party, in the presence of all, announced, "This is a robbery," and at the point of a pistol compelled Terrell and Mr. Blackwell, also present, to lie upon the floor while the four ransacked the establishment and took approximately $900.00 from the cash drawer. The witness Terrell positively identified the defendant as being present and participating in the robbery. Mr. Blackwell, the other witness present, was not able to identify any of the parties.

The defendant testified he was in Washington at the time of the robbery and knew nothing about it. He offered the evidence of Freddie Lee Norman, James Jacob Clinton, and Howard Grier, all of whom testified they participated in the robbery, had been tried, and were now serving time for the offense. Each stated the defendant was not present. Some of their statements to the officers tended

to show each had made a statement implicating Willie Lee Hopkins or Bill Hopkins, or Hawkins. There was evidence tending to support the defendant's contention that he was in Washington at the time of the holdup and other evidence tending to show that he was in Charlotte, where it occurred. From the verdict of guilty and judgment thereon, the defendant appealed.

*T. W. Bruton, Attorney General, Millard R. Rich, Jr., Assistant Attorney General for the State.*
*Lila Bellar for defendant appellant.*

PER CURIAM. The defendant finds fault with the jocularity on the part of the court during the preliminary proceedings before the selection of the jury. The lighter vein in which the court expressed its rulings on the preliminary motions is not shown to be prejudicial. The offense of robbery with firearms is properly alleged. The State's evidence is positive in the identification of the defendant as one of the participants. The defendant and the three who are serving time for having taken part in the robbery testified the defendant was not a participant. The conflict in the evidence with respect to the presence and participation of the defendant presented a question for the jury. Under proper instructions from the court the jury found the defendant guilty.

No error.

MOORE, J., not sitting.